IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE SUBPOENA OF AT&T BY
AUTHORITY OF THE HOUSE OF
REPRESENTATIVES OF THE CONGRESS OF THE
UNITED STATES OF AMERICA

Misc. Case No. ___

## DECLARATION OF CLETA MITCHELL
### IN SUPPORT OF MOTION TO QUASH SUBPOENA

I, Cleta Mitchell, as authorized by 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am submitting this Declaration in support of my Motion to Quash the subpoena issued to AT&T, my cellular telephone provider, by the House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee").

2. I am an elections and campaign finance lawyer licensed to practice in the District of Columbia and the State of Oklahoma. I am admitted to the bars of the U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the District of Columbia Circuit, and the U.S. Supreme Court. I am the co-founder of a public interest law firm dedicated solely to election integrity, the Public Interest Legal Foundation, on whose board I serve as the volunteer Chairman. I served as a member of the Advisory Board to the American Bar Association's Standing Committee on Election Law, and as a member of the Task Force of the American Law Institute's Task Force on Principles of Election Administration, focused on disputes related to presidential elections. I also am the Senior Legal Fellow at the Conservative Partnership Institute ("CPI") and the chair of CPI's Election Integrity Network. My normal and customary professional activities as an election attorney involve elections, election integrity, and the

1

resolution of post-election disputes related to elections and election administration, a recognized body of law in the United States and all fifty states.

3. Following the 2020 General Election, I spent much of my time in the State of Georgia and devoted significant efforts to reviewing the November 3, 2020 General Election in Georgia, applying my experience as an election law attorney to reviewing evidence of issues, anomalies and irregularities related to the conduct of the 2020 Georgia general election.

4. Based on and documenting the evidence of significant numbers of votes cast, counted, and included in the certified results of the presidential election in Georgia that were not cast in accordance with Georgia's election code, a lawsuit was filed on December 4, 2020, on behalf of President Donald Trump's campaign. *See Donald J. Trump, in his capacity as Candidate for President, Donald J. Trump for President, Inc., and David Shafer, Petitioners, v. Petitioners Brad Raffensperger, in his official capacity as Secretary of State of Georgia, et al.*, No 2020-CV-343255, filed in the Superior Court of Fulton County, Georgia on December 4, 2020 ("the Election Contest").

5. The Election Contest was filed pursuant to O.C.G.A. §§ 21-2-1 et seq. (the "Election Code") and identified specific illegal votes and violations of specific provisions of the Election Code. However, a judge eligible to adjudicate the Election Contest was not appointed by the Chief Judge of Fulton County for almost one month from the date of filing.

6. On January 6, 2021, our small team of attorneys was focused solely on the potential mootness of the Election Contest, which was ultimately dismissed on the evening of January 6th, once the Georgia electors were certified by the United States Senate.

7. I was not in Washington DC at any time between November 1, 2020 and January 6, 2021.

8. I was not involved in the planning or organizing of the First Amendment rally that took place on January 6, 2021, at the White House Ellipse in Washington, D.C. and was only vaguely aware that there was *any* planned activity in Washington, D. C. on that day, other than the convening of Congress to receive and certify the Electoral Votes.

9. I was completely shocked and dismayed when I learned from public media that people had swarmed the United States Capitol.

10. By letter of December 2, 2021, received by me on December 4, 2021, AT&T notified me that it had received a subpoena from the Select Committee directing that it disclose information about me, my account, and one or more phone numbers associated with me (the "Subpoena"). Under cover of its letter, AT&T provided me with a copy of the Subpoena. The Subpoena requires AT&T to disclose the following information for my cell Phone Number account for the period from November 1, 2020 to January 31, 2021:

<u>Subscriber Information</u>: All subscriber information for the Phone Number, including:

<u>a.</u>  Name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information;

<u>b.</u>  All authorized users on the associated account;

<u>c.</u>  All phone numbers associated with the account;

<u>d.</u>  Length of service (including start date) and types of service utilized;

<u>e.</u>  Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEI"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identifiers ("IMEI") associated with the accounts;

<u>f.</u>  Activation date and termination date od each device associated with the account;

  g. Any and all number and/or account number changes prior to and after the account was activated;

  h. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses); and

<u>Connection Records and Records of Session Times and Durations</u>: All call, message (SMS & MMS), Internet Protocol ("IP"), and data-connection detail records associated with Phone Numbers, including all phone numbers, IP addresses, or devices that communication with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

11. AT&T further notified me that it plans to respond to the Subpoena on December 16, 2021 unless it receives a copy of my court filing contesting the Subpoena.

12. My attorney has advised me that Committee's counsel has represented that the Select Committee is seeking only subscriber and "non-content" information and not the content of any of my communications. Nonetheless, the Subpoena constitutes an unwarranted intrusion into my privacy and the confidential communications I have had with my clients, family, and friends.

13. My activities as an elections lawyer following the 2020 national election are protected by the U.S. Constitution and the Georgia Election Code, which governed all of my actions during the relevant time period.

14. The Select Committee has no evidence whatsoever that my activities violated any law and there is no basis for suspecting that my cell phone records will assist its investigation of the January 6th attack on the Capitol, or any matter related to the tragic events on that day. I accordingly request that this Court quash the Subpoena to AT&T.

I hereby certify under the penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge and belief.

December 14, 2021

             *Cleta Mitchell*
             Cleta Mitchell